No. 03-2292C
Judge Braden

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JOHN E. MCCAFFERTY, D/B/A
CLASSIC CATERING,

Plaintiff,

v.

THE UNITED STATES

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 307-1011

January 9, 2004

Attorneys for Defendant

# TABLE OF CONTENTS

PAGE

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. Standard Of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. The Court Lacks Tucker Act Jurisdiction To Entertain Plaintiff's Claims For Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. This Court's Jurisdiction Is Limited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. The Court of Federal Claims Lacks Jurisdiction To Entertain Claims Seeking Payment From Non-Appropriated Funds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. Even if This Court Possesses Subject Matter Jurisdiction Over This Case, Plaintiff Has Failed to State a Claim Upon Which Relief May Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A. Count I of the Complaint Fails to State a Claim Upon Which Relief May Be Granted Because Plaintiff Fails to Show Any Duty Owed By the Government . . . . . . . . . . . . . . . . . . . . . . . . 10

B. Count II Fails to State a Claim Upon Which Relief May Be Granted Because Plaintiff Fails to Allege the Existence of an Express Contract, or the Elements of an Implied-in-Fact Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TABLE OF AUTHORITIES

CASES: PAGE(S)

Alder Terrace, Inc. v. United States, 161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 4

American Nat'l Bank & Trust Co. v. United States, 22 Cl. Ct. 7 (1990) . . . . . . . . . . . . . . . . . . . 4

Atlantic Constr. Corp., ASBCA No. 44044, 96-1 BCA (CCH) ¶ 28,045 (Nov. 21, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

Atlas Corp. v. United States, 895 F.2d 745 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bowen v. United States, 49 Fed.Cl. 673 (2001), aff'd, 292 F.3d 1383 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

City of El Centro v. United States, 922 F.2d 816 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 12

Computer Valley Int'l, Ltd., ASBCA No. 39658, 94-1 BCA (CCH) ¶ 26,297 (Aug. 13, 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conley v. Gibson, 355 U.S. 41 (1957)), aff'd, 152 F.3d 948 (Fed. Cir.) (table), cert. denied, 525 U.S. 1032 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cosme Nieves v. Deshler, 786 F.2d 445 (1st Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Dynalectron Corp. v. United States, 4 Cl. Ct. 424, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

El-Sheikh v. United States, 177 F.3d 1321 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fidelity Construction Co. v. United States, 700 F.2d 1379 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Furash & Co. v. United States, 252 F.3d 1336 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 6

Gould, Inc. v. United States, 935 F.2d 1271 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Juda v. United States, 6 Cl. Ct. 441 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kinne v. United States, 21 Cl. Ct. 104 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Kyer v. United States, 177 Ct. Cl. 747, 369 F.2d 714 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

L'Enfant Plaza Props., Inc. v. United States, 229 Ct. Cl. 278, 668 F.2d 1211 (1982) . . . . . . . . . . 7

McCauley v. United States, 38 Fed. Cl. 250 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Pacrim Pizza Co. v. Pirie, 304 F.3d 1291 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rochman v. United States, 27 Fed. Cl. 162 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957
(Fed. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Scheuer v. Rhodes, 416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Taylor v. United States, 303 F.3d 1357 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Trauma Serv. Group v. United States, 104 F.3d 1321
(Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

United States v. Hopkins, 427 U.S. 123 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Testan, 424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Wolverine Supply, Inc. v. United States, 17 Cl. Ct. 190 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

STATUTES:
10 U.S.C. § 2783 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1346(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

28 U.S.C. § 2517(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MISCELLANEOUS:
Army Regulation 215-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Army Regulation 215-7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

RCFC 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN E. MCCAFFERTY, D/B/A CLASSIC CATERING, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2292C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. In support of defendant's motion, we rely upon the complaint and its attachments and the following brief.

## STATEMENT OF THE ISSUES

(1) Whether the non-appropriated funds doctrine serves as a jurisdictional bar to this Court's authority to entertain plaintiff's complaint.

(2) Whether, even if this Court were to find it possesses subject matter jurisdiction over this case, this Court must dismiss plaintiff's complaint because plaintiff has failed to state a claim upon which relief may be granted.

## STATEMENT OF THE CASE

On October 3, 2003, John E. McCafferty, d/b/a Classic Catering ("plaintiff" or "Classic Catering"), filed a complaint against the United States ("defendant" or the "Government") with this Court, alleging two separate counts of breach of contract. Count one of plaintiff's complaint

provides that the Government breached its contract with plaintiff by refusing, with no advance notice, to allow plaintiff to serve meals in his dining facility to United States Army Reservists in March 2001. Compl. ¶¶ 28-34. Count two of plaintiff's complaint asserts that the Government breached oral agreements with plaintiff by enforcing an express contractual access restriction to his tavern facility. Compl. ¶¶ 50-55. For the purposes of this motion to dismiss, the Government will treat the factual allegations contained in the Complaint and its attachments as true.

The United States Department of the Army (the "Army") operates a military facility located at Devens, Massachusetts, known as the Devens Reserve Forces Training Area (the "Devens RFTA"). Compl. ¶ 8. The Devens RFTA serves as a facility and provides training areas for the training of personnel of the United States Army Reserve ("Army Reserve"), the United States National Guard, and other military services. Compl. ¶ 9. On October 1, 1999, plaintiff entered into a contract with the Devens RFTA Civilian Welfare Fund Council (the "Devens RFTA CWFC") to operate a restaurant-type concession at Devens RFTA. See Compl. Ex. A. On December 6, 2000, this contract was modified, primarily to extend the termination date from October 1, 2000 to September 30, 2004. See Compl. Ex. B. According to the complaint, the contract granted plaintiff a license for concession service and allowed plaintiff to operate a restaurant, function facility, and tavern at Devens RFTA. Compl. ¶ 13. The Army licensed to plaintiff the use of building 623 at Devens RFTA, in exchange for plaintiff operating and maintaining the premises according to the terms of the contract. See Compl. Ex. C.

In accordance with these agreements, Classic Catering asserts that it subsequently was contracted by the installation services officer of Devens RFTA to provide meals for various Army Reserve units during March of 2001. Compl. ¶ 22. On March 2, 2001, however, Devens

RFTA's then-installation commander and/or his representative prohibited plaintiff from serving meals at his facility in building 623 because the facility had unsatisfactory floors. Compl. ¶ 24. Plaintiff was given no advance notice of the suspension. Compl. ¶ 27. Plaintiff asserts that it was damaged by this suspension, and lost the ability to provide meals to Army Reservists in March 2001. Compl. ¶ 34.

Plaintiff further asserts that it operates a tavern in a portion of building 623, in accordance with the agreements. Compl. ¶¶ 36-37. The contract and building license explicitly limit access to the tavern to: (1) Federal civilian employees working at Devens RFTA, (2) military personnel, (3) dependents or guests of such civilian or military personnel, and (4) certain individuals possessing a DOD identification card. Compl.¶ 38 (citing Compl. Ex. A, ¶ C-12). Nevertheless, plaintiff claims that "there were a series of verbal understandings/agreements between the Chain of Command of Devens RFTA and the [p]laintiff, whereby [p]laintiff could seek to expand its customer base." Compl. ¶ 40. Plaintiff thereby permitted and encouraged the general public to patronize the tavern. Compl. ¶¶ 41-43. On February 4, 2002, the commander of Devens RFTA informed plaintiff that he was going to begin requiring that the explicit access provisions of the contract be enforced, and that the general public would no longer be permitted to use the tavern. Compl. ¶ 45. See also Compl. Ex. D. The commander originally envisioned a slow phase-in of enforcement. On February 14, 2002, however, the enforcement of the access provisions were put into immediate effect in response to concerns about alleged underage drinking at plaintiff's tavern. Compl. ¶ 46. Plaintiff claims to have been damaged by the enforcement of the explicit access provisions of the contract.

## ARGUMENT

### I. Standard Of Review

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), aff'd, 152 F.3d 948 (Fed. Cir.) (table), cert. denied, 525 U.S. 1032 (1998). Moreover, although the non-jurisdictional factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Trauma Serv. Group v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997); Bowen v. United States, 49 Fed.Cl. 673, 675 (2001) (noting that the plaintiff bears the burden of proof upon a motion to dismiss for lack of jurisdiction), aff'd, 292 F.3d 1383 (Fed. Cir. 2002).

Pursuant to RCFC 12(b)(6), the Court may dismiss a complaint if, as a matter of law, it fails to state a claim upon which relief can be granted, even assuming the truth of its allegations. Unlike a RCFC 12(b)(1) disposition, however, "dismissal of plaintiff's complaint . . . for failure to state a claim does not have the legal effect of divesting this court of jurisdiction," and thus operates as a final adjudication, with prejudice, upon the merits. American Nat'l Bank & Trust Co. v. United States, 22 Cl. Ct. 7, 18 (1990). As the United States Supreme Court has held, dismissal for failure to state a claim is appropriate whenever "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In resolving a motion to dismiss for failure to state a claim, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Kinne v. United States, 21 Cl. Ct. 104, 107 (1990) (quoting Scheuer, 416 U.S. at 236). Thus, the Court "must . . . indulge in all reasonable inferences in favor of the nonmovant." Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991). Nonetheless, the Court should not place any weight upon any assertions in the complaint other than allegations of fact, because "legal conclusions, deduction, or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 168 (1992) (citation omitted).

## II. The Court Lacks Tucker Act Jurisdiction To Entertain Plaintiff's Claims For Relief

### A. This Court's Jurisdiction Is Limited

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the

United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983).

In this Court, consent to suit is generally based upon the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397. Pursuant to this statute, sovereign immunity is waived only with respect to "claim[s] against the United States" that are "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

B. The Court of Federal Claims Lacks Jurisdiction To Entertain Claims Seeking Payment From Non-Appropriated Funds

Plaintiff's claims arise under its contract with the Devens RFTA CWFC. See Compl. Ex. A. The Devens RFTA CWFC, however, is a Non-Appropriated Fund Instrumentality ("NAFI") of the Army. Accordingly, this Court lacks jurisdiction over plaintiff's claims.

Section 2517 of title 28 states that "every final judgment rendered by the United States Court of Federal Claims against the United States shall be paid out of any general appropriation." 28 U.S.C. § 2517(a). In Furash & Co. v. United States, the Court of Appeals for the Federal Circuit stated:

> [t]he jurisdictional grant in the Tucker Act is limited by the requirement that judgments awarded by the Court of Federal Claims must be paid out of appropriated funds. 28 U.S.C. § 2517. Based on that requirement, it has been held that absent some specific jurisdictional provision to the contrary the Court of Federal Claims lacks jurisdiction over actions in which appropriated funds cannot be used to pay any resulting judgment . . . .

252 F.3d 1336, 1339 (Fed. Cir. 2001) (emphasis added) (citing United States v. Hopkins, 427

U.S. 123, 125-26 (1976); L'Enfant Plaza Props., Inc. v. United States, 229 Ct. Cl. 278, 668 F.2d 1211 (1982); Kyer v. United States, 177 Ct. Cl. 747, 369 F.2d 714 (1966)).

NAFIs are "federal government entities whose 'monies do not come from congressional appropriation but rather primarily from [their] own activities, services, and product sales.'" El-Sheikh v. United States, 177 F.3d 1321, 1322 (Fed. Cir. 1999) (quoting Cosme Nieves v. Deshler, 786 F.2d 445, 446 (1st Cir. 1986)). "[T]he government does not assume [a NAFI's] obligations in the manner that it assumes the obligations of appropriated fund agencies." Taylor v. United States, 303 F.3d 1357, 1358 (Fed. Cir. 2002). While Congress has carved out an exception to the NAFI doctrine for certain military exchanges, the doctrine still applies to other non-enumerated military NAFIs. Pacrim Pizza Co. v. Pirie, 304 F.3d 1291, 1292-94 (Fed. Cir. 2002). See generally 28 U.S.C. §§ 1346(a)(2), 1491(a)(1) (extending the Contract Disputes Act to specific enumerated military exchange NAFIs).

The Devens RFTA CWFC is a NAFI. It was created pursuant to Army Regulation 215-1 ("Morale, Welfare, and Recreation Activities and Nonappropriated Fund Instrumentalities") and 215-7 ("Civilian Nonappropriated Funds and Morale, Welfare, and Recreation Activities"). Congress granted the United States Department of Defense the general authority to prescribe such regulations in 10 U.S.C. § 2783. The regulations explicitly state that the funds of NAFIs "are separate from appropriated funds (APFs) of the U.S. Treasury. They are not commingled with APF and are managed separately, even when supporting a common program or activity." See Army Regulation 215-1, § 3-1. The Federal Circuit has held that Morale, Welfare, and Recreation entities, such as the Deaven RFTA CWFC, are NAFIs, not subject to the enumerated exception for exchanges. Pacrim Pizza , 304 F.3d at 1293-94. See also Atlantic Constr. Corp.,

ASBCA No. 44044, 96-1 BCA (CCH) ¶ 28,045 (Nov. 21, 1995); Computer Valley Int'l, Ltd., ASBCA No. 39658, 94-1 BCA (CCH) ¶ 26,297 (Aug. 13, 1993).

The contract under which these claims arise specifically states that the Devens RFTA CWFC is a NAFI. The first page of the contract, entitled "Soliciation, Offer, and Award (Nonappropriated Funds)," clearly states in all capital letters that "NO APPROPRIATED FUNDS OF THE UNITED STATES SHALL BECOME DUE, OR BE PAID, THE CONTRACTOR BY REASON OF THIS CONTRACT." See Compl. Ex. A, at 1. The contract contains two specific clauses providing that:

> CWFC, DEVENS RFTA
> Is a non-appropriated fund instrumentality of Devens RFTA and DA. No appropriated funds of the United States shall become due, or be paid to the contractor by reasons of this Contract. It is an integral Department of Defense (DoD) organizational entity which performs an essential Government function. It acts in its own name as a NAFI and, as a fiscal entity, maintains custody of and control over its non-appropriated funds. It is not incorporated under the laws of any state or the District of Columbia, and enjoys the legal status of an instrumentality of the United States.
>
> . . . .
>
> NONAPPROPRIATED FUND INSTRUMENTALITY (SEP 1984).
> The Nonappropriated Fund Instrumentality (NAFI) which is a party to this contract is a nonappropriated fund instrumentality of the Department of the Army. NO APPROPRIATED FUNDS OF THE UNITED STATES SHALL BECOME DUE OR BE PAID THE CONTRACTOR OR CONCESSIONAIRE BY REASON OF THIS CONTRACT. This contract is not subject to The Contracts Disputes Act of 1978.

Compl. Ex. A, ¶¶ H-12, I-2. Finally, the contract repeatedly refers to the Devens RFTA CWFC as a NAFI. See, e.g., Compl. Ex. A, C-5, I-4, I-25.

The facts of this case are analogous to the facts in Wolverine Supply, Inc. v. United States, 17 Cl. Ct. 190 (1989). In that case, the Eilson Air Force Base Central Welfare Fund (the

"Eilson CWF") contracted with Wolverine Supply, Inc. to build a outdoor recreation pavilion at Eilson Air Force Base. The Eilson CWF was a separately funded instrumentality of the United States Air Force that had been created by regulation. The contract at issue in Wolverine Supply contained numerous provisions providing that the Eilson CWF was a NAFI and that the contract did "not obligate appropriated funds of the United States." Id. at 191. The Claims Court held that it was "clear . . . that appropriated funds were not obligated relative to the contract from which the claims sued upon emanated." Id. at 192. Accordingly, the Claims Court determined that the Eilson CWF was a NAFI and that the Court had no jurisdiction over the plaintiff's claims.

Similarly to the contract in Wolverine Supply, the contract between the plaintiff in this case and the Devens RFTA CWFC (an entity created by regulation, not statute), specifically provided throughout that "[n]o appropriated funds of the United States shall become due, or be paid to the contractor by reasons" of the contract. Compl. Ex. A, ¶ H-12. The contract made clear that the Devens RFTA CWFC was a NAFI.[1] As in Wolverine Supply, because Devens RFTA CWFC is a NAFI, and plaintiff's claims arise under a contract with such NAFI, this Court has no jurisdiction over plaintiff's claims.

[1] Indeed, the contract at issue in this case is even more explicit regarding NAFI status than the contract at issue in Wolverine Supply. While the plaintiff in Wolverine Supply had a colorable argument (ultimately rejected) that the contract incorporated of the FAR Standard Disputes Clause (providing for review by the Claims Court), the contract at issue in this dispute explicitly provided that it is "not subject to the Contract Disputes Act of 1978," and that any appeal from the contracting officer's final decision must be made by submitting a written appeal to the Armed Services Board of Contract Appeals within 90 days of the final decision. See Compl. Ex. A, ¶ I-25.

## III. Even if This Court Possesses Subject Matter Jurisdiction Over This Case, Plaintiff Has Failed to State a Claim Upon Which Relief May Be Granted

### A. Count I of the Complaint Fails to State a Claim Upon Which Relief May Be Granted Because Plaintiff Fails to Show Any Duty Owed By the Government

The question of whether a contract creates a duty is a question of law, and thus is appropriate for disposition on a motion to dismiss. San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959-60 (Fed. Cir. 1989). Under the facts asserted in count I of the complaint, plaintiff fails to show any duty on the part of the Government that was breached by its actions. Plaintiff, therefore, has failed to demonstrate a breach of contract with regards to count I of the complaint.

Count I of the complaint alleges that the Government breached the contract by prohibiting plaintiff from serving meals to Army Reservists at plaintiff's place of business. Compl. ¶¶ 18-34. However, plaintiff points to no provision of the contract that obligates the Government to purchase meals from plaintiff. The contract allows plaintiff to operate a food service and catering business on Devens RFTA in exchange for a percentage of the revenues. See Compl. Ex. A, at 2. Nowhere in the contract does the Government agree to purchase any set amount of food or any percentage of requirements.

Plaintiffs allege that on March 2, 2001, the then-commander of Devens RFTA or his representative informed plaintiff that it was immediately prohibited from serving meals to reservists in what plaintiff refers to as the "mess facility" (a portion of building 623) due to the poor condition of the floors. Compl. ¶ 24. The meals in question were being purchased by Army Reserve units, and plaintiff does not allege that then-commander prohibited any authorized patron from utilizing plaintiff's facilities. Thus, plaintiff's allegations amount to no more than a

purchaser electing not to use plaintiff's services. The Reserve units in question were under no obligation to buy from plaintiff.

Further, plaintiff accepted the facilities at building 623 as is, and was required under the contract to keep the facilities clean. Compl. Ex. C, ¶ 8; Ex. B, ¶ C-7. Contrary to plaintiff's assertion, this included more than broom cleaning; the contract attached to the complaint clearly calls for more thorough monthly cleaning, and allows the Devens CWFC to require additional cleaning as it deems necessary. Compl. Ex. B, ¶ C-7.

Finally, nothing in the contract required the Government to provide plaintiff with notice prior to electing alternative sources of food or enforcing the cleaning provisions of the contract.

In summary, plaintiff has failed to establish that there was any contractual duty for reservists to purchase meals from it, and thus is unable to demonstrate a breach of contract. Accordingly, if the Court declines to dismiss for lack of jurisdiction, this Court should dismiss count I of plaintiff's complaint for failure to state a claim upon which relief may be granted.

B. Count II Fails to State a Claim Upon Which Relief May Be Granted Because Plaintiff Fails to Allege the Existence of an Express Contract, or the Elements of an Implied-in-Fact Contract

Paragraph C-12 of the contract specifies who may patronize plaintiff's business. By its express terms the contract limits patronage:

> AUTHORIZED PATRONS AND IDENTIFICATION
> a. Unlimited privileges of the Post Restaurant facilities and services without specific identification may be extended the following persons:
> (1) All Federal civilian employees working at the Devens RFTA.
> (2) All uniformed (military) personnel.
> (3) Dependents and/or guest of military or civilian personnel.
> b. Unlimited privileges of the Post Restaurant facilities and services with identification may be extended to any person possessing a DOD identification card, Active, Reserve and Retired and authorized dependants.

> c. Guests of authorized patrons.
>
> NOTE: A guest is a person whose relationship to an authorized MWR patron, acting as a host, is actually one of being house guest or whose presence is in response to a direct invitation from the host for a specific occasion. A guest physically accompanies the host to the occasion, during which the host willingly accepts responsibility, including payment for services and goods received, for the guest.

Compl. Ex. A, ¶ C-12. Despite the express terms of the contract, plaintiff alleges that a series of "verbal understandings/ agreements" allowed plaintiff to expand its customer base beyond that provided for in the contract. Compl. ¶ 40.

Because patronage is covered by the terms of the express contract, it cannot be the subject of an implied contract. An implied-in-fact contract cannot exist where an express contract already covers the same subject matter. See Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990). Plaintiff would need to show an express contract for expanded patronage, which he has not done.

Furthermore, to state a valid claim, plaintiff must allege either an express or implied-in-fact contract allowing for expanded patronage, and a breach of that contract. The general requirements for a binding contract with the United States are identical for both express and implied contracts. Trauma Serv. Group, 104 F.3d at 1325. To establish a valid contract with the United States, a plaintiff must demonstrate: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) "the Government representative 'whose conduct is relied upon [had] actual authority to bind the [G]overnment in contract.'" City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting Juda v. United States, 6 Cl. Ct. 441, 452 (1984)). It is well settled that actual authority to contract is required to form a contract binding on the United States, and "anyone entering into an arrangement with the Government

takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947).

Plaintiff does not identify these elements of a valid contract in its complaint. Plaintiff has not identified which party made an offer, and how that offer was communicated. The complaint lacks any information concerning acceptance. Plaintiff does not identify any consideration the Government may have received for the alleged agreements to allow expanded patronage. Plaintiff's reference to the "Chain of Command," Compl. ¶ 40, does not demonstrate that the Government official who allegedly entered into these agreements had the authority to bind the Government.

Accordingly, this Court must dismiss the count II of plaintiff's complaint for failure to state a claim upon which relief may be granted.

## CONCLUSION

For these reasons, the United States respectfully requests that this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 307-1011

January 9, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2003, a copy of the foregoing "MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that this 9th day of January, 2004, I caused to be served by United States mail (first class, postage prepaid) copies of defendant's "MOTION TO DISMISS" addressed as follows:

Mark L. Nestor
BBO #369440
332 Lunenburg Street
Fitchburg, MA 01420

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice