**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN E. MCCAFFERTY, D/B/A CLASSIC CATERING, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2292C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its reply to plaintiff's opposition to defendant's motion to dismiss.

In our motion to dismiss, we established that the non-appropriated funds doctrine serves as a jurisdictional bar to this Court's authority to entertain plaintiff's complaint. Further, we established that, even if this Court were to find it possessed subject matter jurisdiction over this case, this Court must dismiss plaintiff's complaint because plaintiff has failed to state a claim upon which relief may be granted.

Accordingly, this Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted.

## I. Classic Catering's Claims Arise Under A Contract with A Non-Appropriated Fund Instrumentality

Plaintiff, John E. McCafferty, d/b/a Classic Catering ("plaintiff" or "Classic Catering"), does not contest that the Devens Reserve Forces Training Area Civilian Welfare Fund Council (the "Devens RFTA CWFC") is a non-appropriated fund instrumentality ("NAFI"). Classic

Catering does not contest that the terms of its contract with Devens RFTA CWFC expressly provide that the Devens RFTA CWFC is a NAFI and that this contract states how "no appropriated funds of the United States shall become due, or be paid to the contractor by reasons of" such contract. Compl. Ex. A, ¶¶ H-12. See also id. Ex. A, ¶¶ C-5, I-2, I-4, I-25. Classic Catering does not assert that the Devens RFTA CWFC received or was able to receive appropriated funds from Congress. See 10 U.S.C. § 2783; Army Regulation 215-1.

Instead, Classic Catering claims that, in addition to its contract with Devens RFTA CWFC, there were separate contracts with defendant that obligated appropriated funds, and that it is the breach of these separate contracts that are the basis of Classic Catering's claims. A review of both the complaint and plaintiff's opposition to our motion to dismiss, however, reveals that Classic Catering's claims actually arise under its contract with the Devens RFTA CWFC, and not any other purported agreements. Because Classic Catering does not and cannot assert any claims pursuant to separate non-NAFI contracts, this Court should grant defendant's motion to dismiss.

### A. Classic Catering Bases Its Breach Claim In Count I Of The Complaint Upon The NAFI Contract

In Classic Catering's opposition to defendant's motion to dismiss, Classic Catering asserts that the contracts involved in count I of its complaint "were contracts for the providing of food service support to military personnel on training periods of Devens." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 15 (citing Compl. ¶ 22-23). Classic Catering further alleges that these express food service contracts were paid for out of appropriated funds. Id. at 16. Defendant acknowledges

that, assuming the truth of plaintiff's allegations, the breach of such alleged express contracts likely would fall within this Court's jurisdiction and outside of the ambit of the NAFI doctrine.

Classic Catering, however, does not assert a direct breach of these food service contracts. Instead, Classic Catering claims that defendant breached the food service agreements by breaching the NAFI contract. The focus of Classic Catering's claim is the "sudden and unexpected closure of [its] eating facility." Id. at 15. See also Compl. ¶ 30. This closure occurred pursuant to the NAFI contract with Devens RFTA CWFC. Indeed, Classic Catering admits that it "canceled" the food service contracts itself.[1] Pl.'s Opp'n to Def.'s Mot. to Dismiss at 15. See also McCafferty Aff. ¶ 43-44. Classic Catering is not actually alleging that the defendant breached the purported food service agreements; the focus of the breach claim is the closure of its facility[2] under the NAFI contract.

Indeed, Classic Catering specifically references and relies upon the NAFI contract throughout its complaint, and appends the NAFI contract to its initial complaint. Compl. ¶¶ 11-

---

[1] Further, to the extent that this Court determines that it is necessary to go beyond the scope of the pleadings and convert defendant's motion to dismiss for failure to state a claim into a motion for summary judgment, we have appended the declaration of Peter Connelly, Chief of the Training Support Division of Devens RFTA. See RCFC 12(b) (permitting the Court to treat a motion to dismiss for failure to state a claim as a motion for summary judgment).

After the main hall of Classic Catering's facility was closed pursuant to the NAFI contract, Mr. Connelly contacted plaintiff, to discuss alternative places for the soldiers to eat. Connelly Decl. ¶ 8. Plaintiff was offered the use of other dining facilities at Devens RFTA, without charge. Id. Plaintiff rejected this offer, and defendant was forced to use one of the other caterers used by Devens RFTA to provide meals for the soldiers. Id.

[2] Plaintiff and defendant disagree as to the extent of this closure of the facility. Compare Def.'s Mot. to Dismiss at 10 with Pl.'s Opp'n to Def.'s Mot. to Dismiss at 19. To the extent that defendant is the party moving to dismiss for failure to state a claim, this Court will "indulge in all reasonable inferences in favor of the nonmovant." Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991). Further, this is not a material fact for the purposes of the current motion.

17, Ex. A-C. Classic Catering asserts that it was the NAFI contract that allowed it to provide food service support and catering services at Devens RFTA in the first instance. Id. ¶ 11. Classic Catering asserts that its maintenance responsibilities under the NAFI contract were limited to keeping the facility "broom clean," and that the condition of the floors were not its responsibility. Id. ¶ 19. Classic Catering asserts that the closure of its facility was actually "illegal and unauthorized" under the NAFI contract. Id. ¶ 30. Finally, Classic Catering asserts that it has been damaged not only with regard to alleged express food service contracts, but also with regard to "subsequent contracts during this period that he could not compete." Id. ¶ 31. In other words, Classic Catering appears to be asserting that it is entitled to damages for contracts that did not exist at the time that defendant closed a portion of its facility; such a claim could only be even possibly cognizable for a violation of the NAFI contract.

The breach at issue in this suit flows solely from the NAFI contract, and this Court has no jurisdiction over such claims. Furash & Co. v. United States, 252 F.3d 1336, 1339 (Fed. Cir. 2001).

### B. The Access Provisions Whose Enforcement Is At Issue In Count II Of The Complaint Are Expressly Found In The NAFI Contract

In count II of the complaint, Classic Catering alleges that the defendant's enforcement of the express access limitations of the NAFI contract amounted to a breach of subsequent "verbal understandings/agreements" regarding access. These alleged oral understandings are described as giving rise to a separate implied-in-fact contract. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4.

Any claims arising from the enforcement of these access provisions, however, is ultimately properly characterized as a claim arising from the NAFI contract. The NAFI contract

expressly limits patronage at the tavern. Compl. Ex. A, ¶ C-12. Any modifications to the access provisions would be modifications of Classic Catering's contract with Devens RFTA CWFC. Thus, plaintiff's claim in count II of the complaint arises from the NAFI contract, and this Court has no jurisdiction over such claims.

## II. Count I Fails to State a Claim Upon Which Relief May Be Granted

Classic Catering's claim in count I of the complaint is focused upon the alleged breach of the NAFI contract. To the extent that the NAFI contract is the basis of Classic Catering's claim, for the reasons discussed above, Classic Catering fails to state a claim upon which relief may be granted.

Classic Catering has not directly responded to this contention. Instead, Classic Catering has asserted that its claim actually is based upon a separate express food service contract. Defendant acknowledges that, if the complaint alleged breach of an express food service contract, the complaint may allege a claim upon which relief may be granted.[3] Classic Catering's complaint, however, focuses upon the alleged breach of the NAFI contract, not the breach of any food services contract. To the extent Classic Catering relies upon the NAFI contract as the basis of its complaint, Classic Catering fails to state a claim upon which relief may be granted.

## III. Count II Fails to State a Claim Upon Which Relief May Be Granted Because Plaintiff Fails to Allege the Existence of an Express Contract

In its response to defendant's motion to dismiss, Classic Catering alleges that it has asserted the elements of an implied-in-fact contract with regard to count II of the complaint. However, Classic Catering fails to respond to our argument that "[t]he existence of an express

[3] But see Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss n.1, Connelly Decl. ¶ 8.

contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990) (citing ITT Fed. Support Services v. United States, 531 F.2d 522, 528 n.12, 209 Ct. Cl. 157 (1976)). See also Habermann v. United States, 26 Cl. Ct. 1405, 1411 n.3 (1992); Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 673, 428 F.2d 1241, 1255 (1970). The NAFI contract at issue is an express contract that contains a section explicitly limiting access to Classic Catering's tavern facility.[4] Compl. Ex. A, ¶ C-12. Nevertheless, Classic Catering contends that it entered into an implied-in-fact contract regarding the same subject matter, allowing for more liberalized access. Because access is covered by the terms of the express contract, there can be no implied-in-fact contract providing more liberalized access to the tavern. Atlas Corp., 895 F.2d at 754-55.

Further, the access restrictions in the contract are explicitly required by the United States Department of the Army's regulations. See Army Regulation 215-1, ch. 6. A Government agent lacks the authority to bind the United States to a contract in violation of that agency's regulations. See, e.g., Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947) (crop insurance contract unenforceable; Government agent lacked authority to bind United States to terms which violated a regulation). Thus, contrary to plaintiff's assertions, the "Commanding Officers of the Installation," Pl.'s Opp'n to Def.'s Mot. to Dismiss at 21-22, would have had no authority to enter into any implied-in-fact contract waiving the access restrictions.

---

[4] Plaintiff concedes that the express language of the contract limited access to plaintiff's tavern. Compl. ¶ 38.

Finally, to the extent that Classic Catering asserts that defendant's failure to require strict compliance with the access provisions prior to February 2002 served to waive or limit defendant's ability to subsequently enforce such provisions, plaintiff's argument is without merit. The NAFI contract explicitly provides that:

> **NON-WAIVER OF DEFAULTS**
> Any failure by the NAFI at any time, or from time to time, to enforce or require strict performance of any terms or conditions of this contract will not constitute waiver thereof and will not affect or impair such terms or conditions in any way or the NAFI's right at any time to avail itself of such remedies as it may have for any breech or breeches of such terms and conditions.

Compl. Ex. A, ¶ I-32. Thus, defendant's failure to enforce the access provisions prior to February 2002 has no bearing on the enduring viability of the access provisions.

Plaintiff's fails to demonstrate or even allege the existence of an express contract allowing liberalized access to the tavern in count II of the complaint, and thus fails to state a claim upon which relief may be granted.

## CONCLUSION

For these reasons, the United States respectfully requests that this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

Of Counsel:
MAJOR KEVIN ROBITAILLE
Department of the Army
U.S. Army Legal Services Agency

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Steven.Mager@usdoj.gov

March 22, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2004, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that this 22nd day of March, 2004, I caused to be served by United States mail (first class, postage prepaid) copies of "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" addressed as follows:

Mark L. Nestor
BBO #369440
332 Lunenburg Street
Fitchburg, MA 01420

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice